UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ALVAREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>DOUGLAS COLFER LONG, et al.,<br><br>    Defendants. | Case No. 24-cv-07284-JSC<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 and California Government Code § 845.6. The complaint (ECF No. 1) names three defendants: Registered Nurse Douglas Colfer Long and Chief Nurse Executive Sean McNeal at San Quentin Rehabilitation Center ("SQRC"), and the California Correctional Health Care Services ("CCHCS"). Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the Section 1983 claim against CCHCS is dismissed, and the complaint is ordered served upon all Defendants based upon Plaintiff's other claims.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff's allegations that Defendant Long failed to provide adequate care for his emergency medical needs and Defendant McNeal failed to adequately train, investigate, and discipline Long, when liberally construed, state claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment and California Government Code § 845.6 that are capable of judicial determination and review.[1] (ECF No. 1 at 13-20 (asserting causes of action under 42 U.S.C. § 1983 and Cal. Gov. Code § 845.6 against Long and McNeal).)

Plaintiff does not include CCHCS as a defendant in the "causes of action" section of his complaint. (ECF No. 1 at 13-20 (listing four total causes of action, under Section 1983 and

---

[1] Section 845.6 provides:
> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but[] a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

2

California Government Code § 854.6 against Long and McNeal).)  However, in addition to naming CCHCS as a defendant and alleging it employed Long and McNeal, the complaint alleges CCHCS "is not entitled to immunity for the claimed violations" of his rights.  (*Id.* at 12:8.)  Based upon these allegations, the Court liberally construes the complaint as asserting CCHCS is liable under Section 1983 and California Government Code § 845.6 on the theory that it was the employer of Long and McNeal.

So construed, the complaint states a claim  capable of judicial determination against CCHCS for violating California Government Code § 845.6 (providing a "public entity where the employee is acting within the scope of his employment[] is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care" and he does not "take reasonable action to summon such medical care").  The complaint does *not* state a plausible claim against CCHCS under Section 1983, however, because there is no "respondeat superior" liability under Section 1983, meaning the fact that CCHCS employed Long and McNeal does not, without more, support a reasonable inference it is liable for their actions under Section 1983.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983).

## CONCLUSION

For the foregoing reasons,

1. The claim under 42 U.S.C. § 1983 against CCHCS is DISMISSED.  The other claims are, when liberally construed, are capable of judicial determination.

2. Defendants Registered Nurse Douglas Colfer Long and Chief Nurse Executive Sean McNeal shall be served at San Quentin Rehabilitation Center ("SQRC").  Defendant California Correctional Health Care Services ("CCHCS") shall also be served.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this Order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.   To expedite the resolution of this case:

a.   No later than **January 31, 2025,** Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.   At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.   Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **March 7, 2025**. Plaintiff must read the page attached to this order headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). Defendants will also provide

4

this notice to Plaintiff along with their summary judgment motion.

    d. Defendants shall file a reply brief no later than **March 21, 2025.**

    e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  4. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

  6. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  **IT IS SO ORDERED.**

Dated: October 28, 2024

                                   _____
                                   JACQUELINE SCOTT CORLEY
                                   United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.