UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS COLFER LONG, et al.,<br><br>Defendants. | Case No. 24-cv-07284-NW<br><br>**ORDER ADDRESSING MISCELLANEOUS MOTIONS, SETTING FURTHER BRIEFING SCHEDULE**<br><br>Re: ECF Nos. 52, 55 |

On November 14, 2025, the Court partially granted Defendants' motion to dismiss and referred the parties to the Court's Pro Se Prisoner Mediation Program. The parties did not come to an agreement. *See* ECF Nos. 47, 57 (minute entry noting that matter did not settle). Plaintiff Angel Alvarez also filed a motion requesting the appointment of counsel and a "motion for order requiring defendants to file answer and opposition to defendants' motion to waive reply and demand for jury trial." ECF Nos. 52, 55. The Court addresses each motion and sets a further briefing schedule below.

## I.    MOTION FOR APPOINTMENT OF COUNSEL

Alvarez filed a motion requesting the appointment of counsel. ECF No. 52. It is Alvarez's fourth such motion. *See* ECF Nos. 3, 16, 22. In his latest motion, Alvarez argues that his case presents exceptional circumstances because he cannot afford counsel, is likely to succeed on the merits, and his ability to litigate his case will "decline" as the proceedings move to jury selection and trial. ECF No. 52 at 6.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to

counsel in 42 U.S.C. § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1).  The decision whether to appoint one rests within "the sound discretion of the trial court" and is generally granted in exceptional circumstances.  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To determine whether appointment of counsel is warranted, the Court considers whether the claims are likely to be meritorious and the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved."  *Agyeman v. Corrs. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation modified).

While Alvarez has stated cognizable claims, the likelihood of Alvarez's success on the merits cannot be ascertained at this stage.  *See Guillory v. Contra Costa Cnty. Sheriff*, No. C-05-4395 CW, 2007 WL 2237625, *1 (N.D. Cal. Aug. 1, 2007) (denying motion for appointment of counsel prior to summary judgment where case was not particularly complex).  Alvarez similarly fails to show exceptional circumstances.  *See Ramirez v. Gutierrez*, No. 20-cv-01109-MMA, 2022 WL 959647, *2 (S.D. Cal. Mar. 30, 2022) (noting that circumstances such as deficient education or knowledge of the law alone do not establish exceptional circumstances warranting the appointment of counsel); *Jones v. Kuppinger*, No. 13–cv–0451 WBS, 2015 WL 5522290, *3-4 (E.D. Cal. Sept. 17, 2015) (same).  Moreover, as evidenced by his complaint and motions, Alvarez has shown he is capable of clearly presenting his claims, facts, and arguments.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (upholding denial of counsel in habeas proceeding where pro se prisoner's court pleadings "illustrate . . . that he had a good understanding of the issues and the ability to present forcefully and coherently his contentions.").

Accordingly, the Court **DENIES** Alvarez's fourth request for the appointment of counsel without prejudice to renewal after the Court rules on any further dispositive motion.  *See* ECF No. 52.

## II.    MOTION FOR ANSWER

Alvarez also filed a motion requesting that this Court order Defendants to file an answer, and opposing Defendants' demand for a jury trial.  ECF No. 55.  Alvarez argues that the Court

should order Defendants to file an answer because Alvarez has a "reasonable opportunity to prevail on the merits." ECF No. 55 at 5 (citing 42 U.S.C. §1997(g)(1)). He also argues that Defendants may not demand a jury trial because they have not filed an answer or concluded discovery. *Id.* at 6–7.

Defendants may waive the right to reply to a prisoner's 42 U.S.C. § 1983 lawsuit. *See* 42 U.S.C. § 1997e(g)(1). A defendant who waives an answer does not admit the plaintiff's allegations, and a district court "may require" an answer "if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(1)–(2). As noted above, at this stage, Alvarez has shown only that his claims are cognizable, but not a reasonable likelihood of success on the merits. The Court will, however, order Defendants to file an answer should the matter proceed to trial.

Moreover, the Court notes that Defendants did not make a motion for a jury trial but rather asserted their rights under Federal Rule of Civil Procedure 38(b). *See generally* ECF No. 50; *see also* Fed. R. Civ. P. 38(c) (parties have a statutory right to demand a jury trial for specific issues or "all the issues so triable"). The triable issues of fact in this matter will be determined by the Court through summary judgment. To the extent that Alvarez opposes Defendants' demand for a jury trial because discovery is ongoing, the Court notes that no trial has been scheduled at this time, and that Alvarez may file a motion to compel if Defendants fail to comply with their discovery obligations. *See* Fed. R. Civ. P. 37(a). Accordingly, as the motion for an answer is premature, Alvarez's motion is **DENIED WITHOUT PREJUDICE**.

## III.    CONCLUSION

The Court orders as follows:

1.  The motion for the appointment of counsel (ECF No. 52) is **DENIED WITHOUT PREJUDICE**.

2.  The motion requesting that this Court order Defendants to file an answer (ECF No. 55) is **DENIED WITHOUT PREJUDICE**.

3.  In order to expedite the resolution of this case, the Court orders the following briefing schedule:

United States District Court
Northern District of California

a. No later than **60 days** from the date of service of this order, Defendants will file a motion for summary judgment. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Alvarez.

b. At the time the motion for summary judgment is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c. Alvarez's opposition to the motion for summary judgment, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him. Alvarez must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

d. If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon him.

e. The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

4. All communications by Alvarez with the Court must be served on Defendants, or

4

Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. It is Alvarez's responsibility to prosecute this case. Alvarez must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 17, 2026

Noël Wise
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.